| | | |
|---|---|---|
| MARIO E. GIAMMATTEI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Memorandum and Order** |
| | ) | |
| BERTRAM YACHT, INC., a | ) | |
| Delaware corporation, and | ) | |
| MARINEMAX EAST, INC., a | ) | |
| Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant Bertram Yacht, Inc.'s ("Bertram")

and MarineMax East, Inc.'s ("Marinemax") Joint Motion to Dismiss or Transfer Venue and

Memorandum of Law in Support (Doc. #5), filed September 17, 2009; Plaintiff Mario E.

Giammattei's ("Giammattei") Response in Opposition, (Doc. #7), filed October 9, 2009; and

Defendant's Reply (Doc. #8), filed October 15, 2009.

## BACKGROUND

The issue before the court is whether the Court should enforce the forum selection clause

found in the Bertram Warranty designating Miami Dade, FL as the appropriate venue when the

Plaintiff claims he was unaware of the forum selection clause and the Purchase Agreement

states that North Carolina law will govern any dispute.

The case arises out of Giammattei's purchase of a 2008 Bertram 360 sport fishing boat,

manufactured by Bertram and purchased from MarineMax, a dealer in North Carolina. (Doc. #5,

1). When Giammattei purchased the yacht, he entered into a Purchase Agreement with MarineMax, which specifically stated that North Carolina law will govern the contract. (Doc. #7, 2).

After signing the Purchase Agreement, Giammattei signed a warranty card provided by Bertram ("Bertram Warranty"). (Doc. #8, 2). The Bertram Warranty Card states:

> I have received a copy of and have read the Bertram Yacht Warranty and understand that said Warranty becomes effective upon receipt by Bertram Yacht, Inc. of this Warranty Card, completed and signed…I understand that there is no other Warranty by Bertram Yacht, Inc. applicable to the above described boat purchased by me…I have received my Owner's Manual.

(Doc .#8, 12).

The Bertram Warranty contains a forum selection clause designating Miami Dade, County Florida as the venue for any dispute arising under the Warranty. (Doc. #5, 1).

Plaintiff filed his original complaint against Bertram and MarineMax in the Superior Court Division for the County of Mecklenburg, NC. (Notice of Removal 1). Defendants later removed the case to the Western District pursuant to 28 U.S.C. §1441(a). (Id.)

In his original complaint, Plaintiff claimed breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, negligence in design and manufacture, negligence in repairs, violation of N.C.G.S. §99B-6 (North Carolina Products Liability Act), and violation of N.C.G.S. §75-1.1 (Unfair and Deceptive Trade Practices Act). (Compl. ¶¶ 18-79). From the date of purchase, November 21,2007 to the filing of the complaint on July 16,2009, Plaintiff encountered numerous defects in the yacht which prevented him from the use and enjoyment of the yacht for more than half the time he owned it. (Compl. ¶¶ 8-9.)

Defendants now bring this motion to Dismiss or Transfer Venue to the Southern District of Florida in accordance with the forum selection clause found in the Bertram Warranty.

**DISCUSSION**

**A. Motion to Dismiss**

The United States Court of Appeals for the Fourth Circuit has held that "a motion to dismiss based on a forum selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue." Sucampo Pharm. Inc. v. Astellas Pharm. Inc., 471 F.3d 544 (4th Cir. 2006). In resolving a motion to dismiss for improper venue under Rule 12(b)(3), the court must draw all inferences in favor of the plaintiff. Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 238 (W.D.N.C. 2008) (quoting Three M Enter., Inc., v. Texas D.A.R. Enter., Inc., 368 F. Supp. 2d 450, 454 (D. Md. 2005)).

When cases are removed to federal court from state court, venue is determined by the removal statute 28 U.S.C. §1441. Id. (citing Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953)). Under §1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (2010).

In this case, Defendant seeks to dismiss this case under 28 U.S.C. §1391. See Doc. #5, 4. This Court has held that "28 U.S.C. § 1391 does not apply when…defendants remove a case from state court to federal court." Scholl, 249 F.R.D. at 238 (quoting Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 450, 555; see also Hollis v. Florida State Univ., 259 F.3d 1295, 1299 (11th Cir. 2001) ("Because §1441 only allows one possible venue for removal, once a case

3

is properly removed to federal court, it cannot be dismissed under §1391 grounds.") Thus, since

Defendant removed the case to federal court under §1441(a), it is precluded from moving to

dismiss on §1391 grounds.

Therefore, Defendants' motion to dismiss for improper venue is **DENIED.**

## B. Motion to Transfer Venue

### a. Standard of Review

28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district court or

division where it might have been brought." (2010). In Stewart Org., Inc. v Ricoh Corp., the

Supreme Court held that §1404(a) "governs a district court's decision whether to give effect to

the parties' forum selection clause." 487 U.S. 22, 32 (1988). Although the presence of a forum

selection clause will be a "significant factor that figures centrally in the district court's

calculus," the Court guides district courts to "weigh in the balance a number of case-specific

factors." Id., at 29.

In applying the Stewart framework, this Court has enumerated eleven factors it considers

when deciding whether to transfer a matter:

1. The plaintiff's initial choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;

10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and

11. The avoidance of unnecessary problems with conflict of laws.

Scholl, 249 F.R.D. at 239 (citing Commercial Equip. Co. v. Barclay Furniture Co., 738 F. Supp. 974, 977 (W.D.N.C. 1990); McDevitt & Street Co. v. Fide. and Deposit Co., 737 F. Supp. 351, 354 (W.D.N.C. 1990)).

Generally, the movant carries a "heavy burden" in establishing that a case should be transferred pursuant to 28 U.S.C. § 1404(a). Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93, 95 (W.D.N.C. 1991). However, where a party seeks to transfer venue based on a forum selection clause, the burden of proof shifts from the party seeking transfer of venue to the party opposing transfer of venue. Scholl, 249 F.R.D. at 239 (citing Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996)).Thus, in this case, Plaintiff Giammattei bears the burden of proof in establishing why the case should not be transferred.

**b. Validity of the Forum Selection Clause**

Before balancing the factors enumerated above, the Court must first determine whether the forum selection clause within the Bertram Warranty is valid. A forum selection clause is prima facie valid as a matter of law and should be enforced unless the resisting party can establish "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). A forum selection clause may be found unreasonable if:

(1) its formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) the enforcement of the clause would contravene a strong public policy of the forum

state."

Allen, 94 F.3d at 928; See Carnival Cruise Lines v. Shute, 499 U.S. 585, 595 (1991); M/S Bremen, 407 U.S. at 18.

When applying the above factors to the present case, this Court is not persuaded that enforcing the clause would be unreasonable or unjust or that the clause is invalid.

First, the forum selection clause was not induced by fraud nor is it overreaching. Although Plaintiff correctly states that the existence of unequal bargaining power between the parties provides strong support of overreaching, this in itself is not dispositive. (See Doc. #7, 4 citing Dove Air, Inc. v. Bennett, 226 F. Supp. 2d 771 (W.D.N.C. 2002). A mere lack of actual bargaining will not render a forum selection clause unenforceable. See Carnival Cruise Lines, 499 U.S. at 593-94 (holding that a non-negotiated forum selection clause printed on a cruise ticket was reasonable and enforceable); see also Scholl, 249 F.R.D. at 243 (enforcing a forum selection clause printed in an owner's manual inside the purchased motor home that was the subject of the contract as well as in a warranty registration); see also D.M.G. Am., Inc. v. RT Precision Machinery, LP, 2009 WL 1783554, at *8 (W.D.N.C. 2009) (enforcing a forum selection clause printed in a bill of sale but never discussed or bargained-for by the parties).

Absent evidence of a bad-faith motive, disparity in bargaining power does not render a forum selection clause fundamentally unfair. Garrett v. Gulf Stream Coach, Inc., 2009 WL 936297, at *4 (E.D. Va. 2009) (citing Carnival Cruise Lines 499 U.S. at 595). Thus, since there is no evidence of a bad-faith motive on Defendant's part, the forum selection clause cannot be found unenforceable simply because Plaintiff and Defendant never discussed or bargained over it.

Additionally, Plaintiff argues that he did not "knowingly and intelligently consent to the forum selection clause," but Plaintiff explicitly agreed to the clause when he signed the Bertram Warranty Card, acknowledging:

> I have received a copy of and have read the Bertram Yacht Warranty and understand that said Warranty becomes effective upon receipt by Bertram Yacht, Inc. of this Warranty Card, completed and signed. I understand that there is no other Warranty by Bertram Yacht, Inc. applicable to the above described boat purchased by me.

(Doc. #8, 12). Thus, since Plaintiff signed the Warranty Card stating that he had received a copy of and *read* the Bertram Yacht Warranty, the forum selection clause found within the Bertram Warranty is enforceable.

Second, the Plaintiff will not "for all practical purposes be deprived of his day in court" because resolving this matter in Florida does not create a "grave inconvenience or unfairness" for the plaintiff. Plaintiff argues that he and a majority of his witnesses will be "seriously inconvenienced by the time and expense needed to travel to Florida to be as a witness in this case," but having witnesses travel to another state does not constitute a "grave inconvenience" See P.M. Enter. v. Color Works, Inc., 946 F. Supp. 435 (S.D. W. Va. 1996) (holding that irrespective of where the case was tried "one side or the other will be burdened with bringing themselves and their witnesses from far away" (quoting Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1258 (4th Cir. 1991)); see also Baker v. Adidas America, Inc., 335 Fed. Appx. 356 (4th Cir. 2009) (holding that a forum selection clause between a NC tennis player and footwear manufacturer designating venue in Amsterdam was not so inconvenient as to deprive the player of her day in court.) Since Plaintiff provided no further evidence that would constitute a "grave inconvenience" the forum selection clause is enforceable.

Third, the choice-of-law provision found in Plaintiff's Purchase Agreement with MarineMax has no bearing on this case because Bertram was not a party to that agreement. Plaintiff argues that since he purchased the yacht from Seller MarineMax in North Carolina, North Carolina law applies. However, Plaintiff fails to mention that the Purchase Agreement also contained a Manufacturer's Warranty clause stating that the "boat, motor, and accessories sold pursuant to this Agreement are only subject to the applicable manufacturer's warranties, if any, except as otherwise provided in this Agreement." (Doc. #1-1, 15) Since Plaintiff signed the Purchase Agreement, acknowledging that the purchase was subject to a Manufacturer's Warranty clause, and then signed the Bertram Warranty Card, Plaintiff agreed to the forum selection clause and is therefore bound by it. See Garret, at *2 (holding a forum selection clause enforceable against a purchaser who signed a warranty containing the clause after the purchase of the vehicle at issue.)

Fourth, although enforcing the forum selection clause violates North Carolina public policy, specifically N.C. Gen. Stat. § 22B-3, this factor alone does not outweigh the presumption in favor of finding the clause valid under §1404(a). In Stewart, the Court stated that §1404(a) directs a district court to weigh a variety of factors and that a "state policy focusing on a single concern...would defeat that command" Id., 487 U.S. at 31; see also James C. Greene Co. v. Great Am. E & S Ins. Co., 321 F. Supp. 2d 717, 721-22 (E.D.N.C. 2004) (holding that N.C.G.S. §22-B is not dispositive in a federal court's analysis of a forum selection clause.)

Furthermore, refusing enforcement solely based on public policy disfavoring enforcement would "impoverish the flexible and multifaceted analysis that Congress intended to govern motions to transfer within the federal system." Id. Therefore, although Plaintiff is correct

in asserting that North Carolina public policy disfavors enforcement, this factor alone is not enough to find the forum selection clause unenforceable. See Scholl, 249 F.R.D. at 242.

Thus, because the Bertram Warranty was not induced by fraud or overreaching, Plaintiff will not for all practical purposes be deprived of his day in court, the alleged fundamental unfairness of the chosen law will not deprive the Plaintiff of a remedy, and North Carolina public policy against enforcement does not outweigh enforceability of a forum selection clause, the Court finds that the Bertram forum selection clause is valid.

### c. Type of Forum Selection Clause

Next, the court must determine if the forum selection clause within the Bertram Warranty is mandatory or permissive. A mandatory forum selection clause provides the designated forum with exclusive jurisdiction over any disputes while a permissive clause provides a designated forum jurisdiction, but not necessarily exclusive jurisdiction. Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG, 560 F.Supp.2d 432, 435 (W.D.N.C.2008) (citing S & D Coffee, Inc. v. GEI Autowrappers, 995 F. Supp. 607, 609 (M.D.N.C.1997). A crucial distinction between a mandatory clause and a permissive clause "is whether the clause only mentions jurisdiction or specifically refers to venue." Scotland Mem'l Hosp., Inc. v. Integrated Informatics, Inc., 2003 WL 151852, at *3-4 (M.D.N.C. Jan. 8, 2003) Generally, a forum selection clause "will not be enforced as a mandatory selection clause without some further language that indicates the parties' intent to make jurisdiction exclusive." Id.

In Scotland Memorial Hosp., the court held that a forum selection clause that stated, "venue will be the courts in Atlanta, Georgia," Id. was mandatory even though the word 'exclusive' was not used and, "the specific reference to the venue indicates mandatory

language.... [T]he language of the contract deals with an exact venue and indicates specific intent." Id.

In this case, the forum selection clause states, " Venue. To the extent permitted by law, venue for any dispute shall lie in Miami-Dade County, Florida, unless an alternative venue is elected by Bertram." (Doc. 1-2, 2). Like the clause in Scotland, the clause in this case should be construed as mandatory because it specifically designates the venue as a named county in Florida. The language indicates specific intent for exclusive venue in Florida, and thus, the Court finds that the clause in the Bertram Warranty is mandatory.

### d. Enforcement of the Forum Selection Clause

As the court concludes that the forum selection clause is valid and mandatory, the court must determine whether other factors in the § 1404(a) analysis outweigh enforcement of the clause. While a valid forum selection clause does not conclusively establish proper venue, it is "a significant factor that figures centrally in the District Court's calculus." Brock v. Entre Comp. Ctrs, Inc., 933 F.2d 1253, 1258 (4th Cir.1991). However, a forum selection clause may be dispositive if no other factors tip the balance in favor or non-enforcement. Id. Furthermore, the Supreme Court has acknowledged that "a valid forum selection clause is given controlling weight in all but the most exceptional case." Stewart, 487 U.S. at 33 (Kennedy, J concurring) (citing M/S Bremen, 407 U.S. at 10).

Here, the Plaintiff has not met his 'heavy burden of proof" of demonstrating an exceptional circumstance that would warrant non-enforcement of the forum selection clause. See Carnival Cruise Lines, 499 U.S. at 595. Plaintiff's primary argument rests upon this Court finding the forum selection clause invalid which, for the reasons enumerated above, it declines

to do.  Plaintiff's only other argument for not enforcing the clause is that his choice of forum in

North Carolina provides a "stronger showing of [his] preference of forum than an un-negotiated,

unsigned boilerplate provision calling for any lawsuit to be brought in Florida." (Doc. #7, 7)

(citing Rice v. Bellsouth Adver. and Publ'g Corp., 240 F. Supp. 2d 526, 530 (W.D.N.C. 2002)).

Since this factor alone is not enough to tip the balance in favor of non-enforcement of the

clause, the Plaintiff has not met his burden and the forum selection clause should be enforced.


## ORDER

Because the forum selection clause within the Bertram Warranty is valid and mandatory,

and because the Plaintiff has not met has burden in demonstrating an exceptional case

warranting non-enforcement of the clause, the forum selection clause within the Bertram

Warranty should be enforced.

**WHEREFORE**, for the foregoing reasons, Defendants' Motion to Dismiss for Improper

Venue is **DENIED** and their Motion to Transfer Venue is **GRANTED.** Accordingly, the Deputy

Clerk is directed to **TRANSFER** this civil action to the Southern District of Florida consistent

with the terms of this Memorandum and Order.


Signed: June 23, 2010

Richard L. Voorhees
United States District Judge

11